# Supreme Court of Florida

_____

No. SC14-1812
_____

**INQUIRY CONCERNING A JUDGE, NO. 14-454
RE: DEBRA L. KRAUSE.**

[June 4, 2015]

PER CURIAM.

We approve of the below stipulation that Judge Debra L. Krause receive a thirty-day suspension without pay.

It is so ordered.

## STIPULATION

In this disciplinary proceeding, the Investigative Panel of the Florida Judicial Qualifications Commission and Seminole County Judge Debra Krause present the following stipulation to this Court pursuant to [a]rticle V, [s]ection 12 of the Florida Constitution and [r]ule 6(j) of the Florida Judicial Qualifications Commission's Rules, and the Court's February 25, 2015, order.

1. Under [r]ule 6(j), the Investigative Panel "may reach agreement with a judge on discipline or disability, and such stipulation shall be transmitted directly to the Supreme Court, to accept, reject or modify in whole or in part."

2. A Notice of Investigation dated August 15, 2014, was served on Judge Krause. On September 11, 2014, in Orlando, Florida, the Investigative Panel conducted a hearing at which Judge Krause appeared, with counsel, and testified under oath. The Investigative Panel concluded that probable cause existed for the filing of Formal Charges, which were filed on September 17, 2014.

3. On November 19, 2014, the Court denied the parties' Joint Motion to Consolidate Judge Krause's two cases, SCl3-2263 and SC14-1812.

4. The JQC had investigated the incident that prompted the Notice of Investigation dated August 15, 2014, and Judge Krause voluntarily testified under oath at an expedited hearing by the JQC.

5. The JQC, in finding probable cause and recommending a public reprimand, advised this Court that the primary considerations in coming to its recommendation were the commission's determination that this was a limited transgression, albeit magnified by the pending reprimand, and Judge Krause's full cooperation and acceptance of responsibility.

6. The violation of the [j]udicial [c]anons in this matter arises from Judge Krause's single incident of participating in her husband's judicial campaign. Judge

Krause admits that, while her husband was a judicial candidate, she one time used social media to seek the assistance of her friends to help her husband correct perceived misstatements of his judicial opponent.

7. Judge Krause accepted full responsibility for the conduct, admitted that it should not have occurred, and apologized. She explained that her social media posting followed multiple private but ignored attempts to correct what she and her husband perceived as misstatements about her previous JQC matter. Judge Krause told the Panel that those attempts included seeking counsel from her chief judge, twice sending the same letter to the candidate asking her to refrain from misrepresenting the record (and never receiving acknowledgement or a response,) and enlisting the help of an emissary to speak with her husband's opponent. All of these attempts proved fruitless.

8. Judge Krause further explained that she intended her posting, which was a frustrated last effort to correct the record, to be a private message to her friends. Even still, she removed the message within hours of its posting after realizing it could have a reach beyond her circle of friends. Only through the actions of those supporting her husband's opponent was the posting further disseminated.

9. The Judicial Qualifications Commission concluded that the judge's conduct was improper but was followed quickly with remedial action, long before any notice from the JQC, and the JQC filed a Stipulation in which the JQC and

- 3 -

Judge Krause agreed that she should receive a public reprimand for her conduct in case SC14-1812.

10. On February 25, 2015, the Court rejected that Stipulation and ordered that the public reprimand, and $25,000 fine that the Court previously approved in Judge Krause's prior case, SC13-2263, shall remain in place, and suggested that a 30-day suspension without pay would be the appropriate resolution to case SC14-1812.

11. Pursuant to the Court's February 25, 2015, order, the parties now agree that the Court shall impose a 30-day suspension without pay, in SC14-1812.

12. The parties agree that oral argument before this Court is not necessary in light of the record, the nature of the charges, [and] the contents of this Stipulation[.]  As previously noted, Judge Krause waives her right to further hearings if they are accepted.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, and POLSTON, JJ., concur.
PERRY, J., recused.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Original Proceeding – Judicial Qualifications Commission

Ricardo Morales, III, Chair, and Alexander John Williams, Assistant General Counsel, Tallahassee, Florida,

for Judicial Qualifications Commission, Petitioner

Larry Gibbs Turner and Ronald Kozlowski of Turner, O'Connor, Kozlowski PL, Gainesville, Florida,

for Judge Debra L. Krause, Respondent